Filed 10/26/20  P. v. Zamudio CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHELLE ZAMUDIO,<br><br>    Defendant and Appellant. | B301108<br><br>Los Angeles County<br>Super. Ct. No. SA099969 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge. Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Attorney General, Idan Ivri and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Michelle Zamudio pled no contest to false personation (Pen. Code, § 529, subd. (a)(3))[1] and was placed on formal probation after she purchased two bicycles from a retailer using a fraudulent credit card. The trial court ordered her to pay $14,048 in victim restitution. (§ 1202.4, subd. (f).) On appeal, Zamudio argues: (1) the court erred by ordering her to pay the victim the retail value of the bikes rather than the wholesale value; and (2) the court erred by ordering her to pay attorneys' fees incurred by the victim. We affirm.

## PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed a complaint charging Zamudio with identity theft (§ 530.5, subd. (a); count one), grand theft (§ 487, subd. (a); count two), and false personation (§ 529, subd. (a)(3); count three). Zamudio pled no contest to count three. The trial court dismissed the remaining counts, suspended imposition of sentence, and placed Zamudio on formal probation for three years. Following a hearing, the court ordered Zamudio to pay $14,048 in victim restitution under section 1202.4, subdivision (f).

Zamudio timely appealed.

---

[1] All undesignated statutory references are to the Penal Code.

## FACTUAL BACKGROUND[2]

Using a fraudulent credit card, Zamudio purchased two bicycles online from a bicycle shop, Bike Attack, owned by Ericson Monsalud. Zamudio went to the store to pick up the bicycles. Monsalud became distracted and asked Zamudio to wait. When he returned, the bicycles were gone.

Monsalud testified the retail price of the first bicycle, a Spitzing, was $7,489 excluding tax. He testified the retail price of the second bicycle, a BMC Speedfox, was $5,799 excluding tax. He also requested $760 in attorneys' fees related to the theft from his business.

The wholesale price of the Spintzing bicycle was $4,990.80. Although the record does not state the exact wholesale price of the BMC Speedfox, Monsalud testified it would have been 80% of the $5,799 retail value.

The court ordered Zamudio to pay $14,048 in victim restitution, consisting of $7,489 for the Spitzing bicycle, $5,799 for the BMC Speedfox bicycle, and $760 for attorneys' fees.[3]

## DISCUSSION

**Restitution for the bicycles**

Zamudio argues the trial court abused its discretion by ordering her to pay Monsalud the retail value of the bicycles

---

[2] The following facts were presented at the restitution hearing.

[3] Defense counsel objected to awarding the retail value of the bicycles and stated she would stipulate to the wholesale value. She also objected to the attorneys' fees.

rather than the wholesale value. The Attorney General argues the retail value was proper because there was evidence the theft resulted in lost profits. We agree with the Attorney General.

"In 1982, California voters declared the right of crime victims to receive restitution directly from those convicted of the crimes they suffered. Legislative enactments provided that a crime victim shall receive restitution from the perpetrator." (*People v. Erickson* (2018) 30 Cal.App.5th 243, 245 (*Erickson*), citing § 1202.4 and *People v. Giordano* (2007) 42 Cal.4th 644.) Subdivision (f) of section 1202.4 states that, subject to certain exceptions not applicable here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court . . . . The court shall order full restitution." A defendant is entitled to a restitution hearing to "dispute the determination of the amount of restitution." (§ 1202.4, subd. (f)(1).)

"We review the trial court's restitution order for abuse of discretion. [Citation.]" (*Erickson, supra,* 30 Cal.App.5th at p. 246.) "The court abuses its discretion if its restitution order rests on a 'demonstrable error of law.' [Citation.]" (*Ibid.*) "While the court need not order restitution in the precise amount of loss, it 'must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.]" (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172-1173 (*Chappelone*).)

Applying these principles, we conclude the trial court did not abuse its discretion. In concluding Monsalud was entitled to

4

the retail value of the bikes, the trial court relied on *Chappelone*, *supra*, 183 Cal.App.4th at p. 1179, for its observation that "the victim's economic loss may include lost revenue or profit [—] where there is evidence of such loss." The trial court explained there was evidence of lost profit here because the property was never returned to Monsalud. We agree with the trial court's analysis. (See *People v. Thygesen* (1999) 69 Cal.App.4th 988, 994 [restitution amount may "include the loss of revenue the stolen item would have produced."].)

**Restitution for attorneys' fees**

Zamudio next argues the trial court erred in awarding Monsalud $760 in attorneys' fees. Zamudio contends "The hiring of private counsel was not necessary and therefore an inappropriate expense for the award of restitution." We reject this argument. Monsalud testified he paid the attorney for services related to the theft. Section 1202.4, subdivision (f)(3)(H) expressly provides that restitution may include "[a]ctual and reasonable attorneys' fees and other costs of collection accrued by a private entity on behalf of a victim."

**DISPOSITION**

Affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.