Filed 7/28/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>  v.<br><br>JASON MICHAEL VALLE,<br><br>       Defendant and Appellant. | C097090<br><br>(Super. Ct. No. CR20220675) |

APPEAL from a judgment of the Superior Court of Yolo County, Tom M. Dyer, Judge. Reversed with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

A victim restitution order is intended to compensate victims for their actual losses.

It is not intended to provide victims a windfall. The defendant here appeals from a

1

restitution order regarding an undamaged cell phone. The victim had wanted to return the cell phone for a full refund to the store where she bought it. But when the defendant gave the phone back to her at the sentencing hearing, it was outside the store's 14-day refund period. At the restitution hearing, the victim testified she now hoped to sell or use the phone. The court awarded her the purchase price of the phone and allowed her to keep the phone. The trial court abused its discretion because it overcompensated the victim. We reverse and remand with one of two options. One, if the victim has not sold the phone, the court shall hold a hearing on the difference in value of the phone between the day the victim purchased the phone and the day the defendant gave it back to her. Or two, if the victim has sold the phone, the court shall hold a hearing on the difference between the purchase price and the amount for which she sold it. The defendant shall then be ordered to pay that difference.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2022, defendant Jason Michael Valle and his girlfriend M. got into an argument at defendant's home. The argument turned physical when defendant headbutted M. in the face, causing bleeding and a nasal fracture. M. was able to quickly get out, but she left her purse and new phone behind. Later that month, defendant pled no contest to battery in a dating relationship. (Pen. Code, § 243, subd. (e)(1); further section references are to the Penal Code.) On April 19, 2022, defendant returned the phone to M. at his sentencing hearing.

A few weeks later at the victim restitution hearing, M. sought $629.99 for her phone. She testified she had intended to get a refund for the phone in that amount, but

2

the refund period had lapsed by the time defendant returned the phone to her. On cross-examination, she testified as follows: ". . . now I have the phone and I'm hoping to maybe sell it or maybe use it. I don't know, but right now it is still not activated. The service is canceled and -- ." Defendant argued he should not be liable for the cost of a phone that was returned to M. undamaged. The trial court disagreed, awarding $629.99 in restitution and reasoning defendant's actions prevented M. from returning her phone in time for a refund. The trial court also allowed M. to keep her phone. Defendant timely appeals.

DISCUSSION

I

*Victim Restitution Principles*

Where a victim of crime has suffered economic loss because of a defendant's conduct, the court must require defendant to pay restitution to the victim in an amount sufficient to fully reimburse the victim. (§ 1202.4, subd. (f).) The court " 'must use a rational method that could reasonably be said to make the victim whole.' " (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 (*Chappelone*).) But the restitution order should not overcompensate the victim with a windfall. (*Ibid.*)

We review a trial court's restitution order for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) We ask " 'whether the ruling in question "falls outside the bounds of reason" under the applicable law and relevant facts [citations].' " (*Ibid.*) " ' " ' "When there is a factual and rational basis for the amount of restitution

3

ordered by the trial court, no abuse of discretion will be found." ' " [Citations.]' "
(*People v. Moore* (2009) 177 Cal.App.4th 1229, 1231.)

## II
### *The Court Abused Its Discretion by Ordering Restitution for the Purchase Price of the Returned Phone While Also Allowing the Victim to Keep the Phone That Had Value to Her*

Defendant contends the court overcompensated M. by requiring him to pay her the purchase price of the phone that he eventually returned to her without damage. The People counter both procedurally and substantively. We conclude the law favors defendant.

Procedurally, the People contend defendant failed to meet his burden in the trial court showing that the restitution should be a different amount. But the People overstate the extent of this burden. " ' "Once the victim has made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' " (*Chappelone, supra*, 183 Cal.App.4th at p. 1172.) Here, defendant met this burden by (1) reminding the court that the phone was returned to M. at the sentencing hearing, (2) arguing that M. should not recover the cost of the phone, and (3) eliciting testimony from M. that she hoped to sell or use the phone.

Substantively, the People contend there was no abuse of discretion because the trial court implicitly found that M. intended to return the phone for a refund and defendant deprived M. of that opportunity. They analogize this case to *People v. Erickson* (2018) 30 Cal.App.5th 243 (*Erickson*). There, the defendant stole a copper wire from a winery. (*Id.* at p. 245.) The winery recovered part of the wire in two pieces and

4

provided evidence that these pieces were unusable. (*Ibid.*) The trial court ordered the defendant to pay restitution for the full value of the wire and allowed the winery to keep the recovered pieces. (*Ibid.*) On appeal, the defendant argued that the court should have required the winery to either (1) sell the wires and give him a credit or (2) return the wires to him to defray the restitution award. (*Id.* at p. 246.) The reviewing court disagreed and affirmed the trial court's order. (*Id.* at p. 247.) According to the *Erickson* court, a victim has no burden to return to defendant property that is of no value to the victim but could be of value to defendant. (*Id.* at p. 246.)

The People contend *Erickson* requires us to affirm the restitution award. But *Erickson* is distinguishable. The wire in *Erickson* was returned in two pieces, while here there is no evidence that the phone was damaged when returned to M. Also, the victim in *Erickson* testified that the recovered wire was no longer usable, while here the victim testified she hoped to either sell or use the phone. Thus, unlike the recovered property in *Erickson*, the recovered property here has value to M.

We find this case is closer to *Chappelone, supra*, 183 Cal.App.4th 1159, on which defendant relies. There, the defendant stole merchandise from a retailer. (*Id.* at p. 1167) The trial court allowed the retailer to recover the stolen items and required the defendant to pay the retailer the retail price of the items. (*Id.* at p. 1180.) The reviewing court held that this was an abuse of discretion because "a victim is not entitled to restitution for the value of property that was returned to him or her, except to the extent there is some loss of value to the property." (*Ibid.*) Thus, under *Chappelone*, if lost property is recovered, the court has the discretion to either (1) allow the victim to retain the goods and order the

5

defendant to pay for the diminution in value or (2) order the defendant to pay the victim for the value of the goods when stolen and give the merchandise to the defendant for disposal to offset the amount the defendant owed to the victim. (*Id.* at pp. 1181-1182.) Here, the trial court did neither. Instead, the court overcompensated M. by ordering restitution for the purchase price of the phone and allowing her to keep the phone where it had value to her. Nevertheless, requiring M. to return the phone to defendant at this point is unreasonable given her testimony that she may sell or use the phone.

## DISPOSITION

The order requiring defendant to pay $629.99 in victim restitution is reversed. The matter is remanded for one of two options. One, if the victim has not sold the phone, the court shall hold a hearing on the difference in value of the phone between the day the victim purchased the phone and the day the defendant gave it back to her. Or two, if the victim has sold the phone, the court shall hold a hearing on the difference between the purchase price and the amount for which she sold it. The defendant shall then be ordered to pay that difference.

/s/_____
MESIWALA, J.

We concur:


/s/_____
KRAUSE, Acting P. J.


/s/_____
BOULWARE EURIE, J.