Filed 9/9/25  P. v. Barrios CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ALEXANDER BARRIOS,<br><br>     Defendant and Appellant. | B336225<br><br>(Los Angeles County Super. Ct. No. YA063190) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Gabrielle D. Trujillo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Michael Alexander Barrios appeals from an order rejecting a recall and resentencing recommendation of the Los Angeles County District Attorney under Penal Code former section 1172.1.[1]  Barrios argues the superior court abused its discretion by misapplying the presumption favoring recall and resentencing that applied to the district attorney's recommendation.  He also argues the court abused its discretion in finding that the presumption was rebutted because he poses an unreasonable risk of danger to public safety.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2005, Barrios accosted a female victim at night with a knife.  The victim was rearranging luggage in a parked car when Barrios approached and told her, "Don't scream.  Give me any money or jewelry."  The victim tried to flee but ran into an open car door and fell.  Barrios straddled her, waved the knife back and forth, and demanded her ring.  He fled without taking any property after the victim's husband heard the victim's screams and intervened.

In June 2006, a jury convicted Barrios of one count of assault with a deadly weapon (§ 245, subd. (a)(1)) and one count

---

[1]     Statutory references are to the Penal Code.  We apply the version of section 1172.1 that was in effect when the superior court ruled on the recall and resentencing recommendation in December 2023.  (§ 1172.1, formerly § 1170.03, added by Stats. 2021, ch. 719, § 3.1, eff. Jan. 1, 2022 and amended by Stats. 2022, ch. 58, § 9, eff. June 30, 2022.)  The statute was later amended effective January 1, 2024.  (See Stats. 2023, ch. 131, § 157; Stats. 2023, ch. 446, § 2; Stats. 2023, ch. 795, § 1.5.)

of attempted second degree robbery (§§ 664, 211). The jury also found true that Barrios personally used a deadly and dangerous weapon in committing the crimes (§ 12022, subd. (b)(1)). The court later found true that Barrios had two prior serious or violent felony convictions qualifying him for sentencing under the Three Strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)).[2] The court imposed a term of 25 years to life on the assault count and a concurrent 25-years-to-life term on the attempted robbery count. We affirmed the judgment but modified it to stay Barrios's sentence on the attempted robbery count under section 654. (*People v. Barrios* (Mar. 18, 2008, B193796) [nonpub. opn.].)

In October 2023, the Los Angeles County District Attorney filed a motion under section 1172.1, former subdivision (a)(1), requesting the court recall Barrios's sentence and resentence him on the assault count to the middle term of three years (§ 245, subd. (a)(1)), doubled to six years under the Three Strikes law. In support of the motion, the district attorney reviewed and attached documentation pertaining to Barrios's criminal history, in-prison conduct, and reentry plans and support systems. The district attorney noted that, while in prison, Barrios had engaged in "consistent programming in the areas significant to his rehabilitation: anger management, gangs, and violence," and

---

[2] In 1989, when he was 19 years old, Barrios was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)) after beating a victim in the head with a baseball bat, causing multiple facial fractures and a loss of consciousness. In 1992, at age 21, when Barrios was out on parole after serving time in prison for the first offense, he and an accomplice robbed two victims at gunpoint (§ 211) and then led the police on a lengthy high-speed chase. Barrios committed the instant offense approximately 10 years after his release from prison on the second offense.

earned numerous commendations from correctional officers and counselors regarding his hard work, dedication, and contributions toward his personal rehabilitation. The district attorney also noted that Barrios's siblings had offered him places to live after he completed transitional housing upon his release, and a friend had offered Barrios employment through his roofing company. The district attorney presented a comprehensive risk assessment report prepared for a June 2023 parole hearing that assessed Barrios as a low risk to commit violence as well as the corresponding parole hearing transcript. Based on this evidence, the district attorney asserted Barrios did not pose an unreasonable risk of danger to public safety, as defined by section 1170.18.

At a hearing in December 2023, Barrios joined the district attorney's recommendation and highlighted his rehabilitative progress, including his lack of violent conduct in nearly two decades of imprisonment, his low-risk rating for reoffending, and his strong family support and reentry plans for transitional housing and employment. Barrios and the prosecutor acknowledged that Barrios was denied parole for three years at the June 2023 parole hearing. The prosecutor added the parole board "had a problem with the way [Barrios] presented himself as far as his criminal history, his taking responsibility, his, essentially, perhaps minimizing or blaming others."

The court rejected the district attorney's recommendation and denied the motion, reasoning Barrios's history of serious and violent felonies and multiple rules violations in prison showed he still represented an "unreasonable risk of danger to the public."

Barrios timely appealed.

4

## DISCUSSION

A. *Applicable Law*

Under section 1172.1, former subdivision (a)(1), upon the recommendation of the district attorney, a superior court may recall the sentence of a defendant committed to state prison and resentence him or her. A court may then, "in the interest of justice," reduce a defendant's term of imprisonment by modifying the sentence or by vacating the defendant's conviction and imposing judgment on any necessarily included lesser offense or lesser related offense with the agreement of both the defendant and the district attorney. (§ 1172.1, former subd. (a)(3)(A)-(B).) The court must "apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, former subd. (a)(2).)

Under the *current* version of section 1172.1, effective January 1, 2024, in deciding whether to resentence the defendant, the court "*shall*" consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5), italics added.) However, section 1172.1, former subdivision (a)(4)—which we apply here—provides only that the court "*may*" consider these postconviction factors. (§ 1172.1, former subd. (a)(4), italics added; see *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.) The court must also consider if the defendant experienced "psychological, physical, or childhood

5

trauma." (§ 1172.1, former subd. (a)(4).) The court must "state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1172.1, former subd. (a)(6).)

Where a district attorney has recommended resentencing, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, former subd. (b)(2).) Section 1170.18, subdivision (c), defines an " 'unreasonable risk of danger to public safety' " as "an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c); see *People v. Valencia* (2017) 3 Cal.5th 347, 351.) Known colloquially as "super strikes," the felonies listed under section 667, subdivision (e)(2)(C)(iv), include sexually violent offenses, sex crimes against children, homicide offenses, solicitation to commit murder, and other serious or violent felony offenses punishable by life imprisonment or death. (See *Valencia*, at p. 351 & fn. 3.)

We review the rejection of a recommendation for recall and resentencing under section 1172.1 for an abuse of discretion. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377; see also *McCallum*, at p. 211 [" 'The abuse of discretion standard "involves abundant deference" to the court's ruling.' "].) However, " '[i]f the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its

6

discretion, the court has not properly exercised its discretion under the law.  [Citation.]  Therefore, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal.'  [Citation.]  Simply stated, 'an abuse of discretion arises if the trial court based its decision on impermissible factors [citation] or on an incorrect legal standard.' " (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 709; accord, *People v. Knoller* (2007) 41 Cal.4th 139, 156.)

"The determination whether a defendant poses an unreasonable risk of danger to public safety is discretionary." (*People v. Frierson* (2017) 4 Cal.5th 225, 239; see also *People v. Buford* (2016) 4 Cal.App.5th 886, 899 ["The reasons a trial court finds resentencing [under § 1170.126] would pose an unreasonable risk of danger, or its weighing of evidence showing dangerousness versus evidence showing rehabilitation, lie within the court's discretion."].)  Thus, we review for abuse of discretion the finding of current dangerousness required to rebut the presumption in favor of recall and resentencing.  (See *People v. Williams* (2018) 19 Cal.App.5th 1057, 1062.)  " '[T]he facts upon which the court's finding of unreasonable risk is based [are] subject to [appellate] review for substantial evidence.' " (*Frierson*, at p. 239.)

B.    *The Superior Court Did Not Abuse Its Discretion in Denying the Recall and Resentencing Recommendation*

Barrios asserts the superior court abused its discretion in two ways.  First, he argues the court applied an incorrect legal standard by failing to assess whether he *currently* poses an unreasonable risk of committing a super strike offense.  Second,

he contends the court weighed the evidence arbitrarily and thus abused its discretion in finding that he poses a risk to public safety.  We reject each argument.[3]

Barrios has not met his burden to show the superior court applied an incorrect legal standard in rejecting the district attorney's recommendation.  After receiving the district attorney's motion, the court heard argument from both parties in favor of Barrios's resentencing in light of his rehabilitative progress.  The court found the presumption favoring recall and resentencing was rebutted because Barrios still posed an unreasonable risk of danger to public safety.  The court explained its finding was not about "just one case," but about Barrios's "career of cases" and "long history of violent crime."  The court described Barrios's prior offenses consisting of the violent assault with a baseball bat in 1989 and the 1992 armed robbery Barrios committed while on parole for the assault.  The court noted that

---

[3]    On appeal, the Attorney General contends the superior court "acted within its discretion when it determined that the presumption for recall and resentencing was rebutted with evidence that, despite his postconviction record, [Barrios] still posed an unreasonable risk of danger to public safety and was not entitled to resentencing under section 1172.1."  In reply, Barrios argues the Attorney General is bound by the district attorney's position in the superior court that Barrios does not pose an unreasonable risk of danger to public safety.  We need not address this argument, however, because we are not bound by the parties' positions and make our own determination whether the superior court abused its discretion.  (See *People v. Kimble* (2024) 99 Cal.App.5th 746, 749, review granted April 24, 2024, S284259 ["As a general rule, we are not bound by concessions made by the People in a criminal case."].)

Barrios also had "a history of some discipline chronos in his prison career," referencing Barrios's two nonviolent rules violations.[4]  Following this review, the court reiterated it would decline to exercise its discretion to grant the district attorney's recommendation because Barrios "represents an unreasonable risk of danger to the public."

In making its decision, the court stated that "public safety and the interest of justice ideals are best served by completing the sentence imposed when the commitment crimes were fresh in the minds of the sentencing judge and the victims were in court and able to be heard."  Barrios isolates this comment and argues its focus on the importance of the original sentence reveals the court failed to assess whether he was "*currently* likely to commit a super strike."  This ignores the rest of the court's ruling, which, as described, emphasized the court believed Barrios still constituted an unreasonable risk of danger to public safety because of his criminal history and record of recidivism.  Barrios has not demonstrated the court misapplied the legal standard under former section 1172.1.

The court's determination there was an unreasonable risk that Barrios could commit a super strike also is supported by Barrios's multi-decade history of using deadly weapons to commit violent crimes, including while on parole.  Barrios stresses that he has never been convicted of a super strike offense and argues

---

[4]     In 2019, Barrios received a rules violation report for refusing to accept housing and delaying a peace officer when he refused to discuss moving to a non-designated program facility. In 2022, he was cited again for refusing to accept housing and delaying a peace officer when he refused a COVID-19 vaccine and reassigned housing.

9

that evidence of his propensity to commit crimes generally is not legally sufficient to support a finding that the presumption was rebutted. But evidence of a prior super strike conviction is not required to find that a defendant currently poses an unreasonable risk of danger to public safety within the meaning of section 1170.18. (See *People v. Hall* (2016) 247 Cal.App.4th 1255, 1266 [rejecting suggestion that "the trial court may only exercise its discretion to find an unreasonable risk to public safety when considering an offender who has previously committed a super strike offense"]; *People v. Strother* (2021) 72 Cal.App.5th 563, 573 [prior convictions for violent crimes supported finding that defendant posed an unreasonable risk of committing a super strike even though prior crimes were not super strikes].)

Barrios's reliance on *Nijmeddin v. Superior Court* (2023) 90 Cal.App.5th 77 is misplaced. There, the appellate court vacated the trial court's refusal to grant compassionate release for a defendant suffering advanced incurable pancreatic cancer, biliary adenocarcinoma, and other comorbid medical conditions that left him in a wheelchair, "likely to be bedbound soon," and with an estimated three to six months to live. (*Id.* at pp. 80-81.) The court concluded the trial court had abused its discretion, explaining "[t]he trial court made no findings as to the unreasonable risk of commission of 'super strike' offenses; it simply expressed a generalized concern about [the defendant's] 'ability to continue to commit crimes.' " (*Id.* at p. 83.) The court added that the record lacked "any substantial evidence that [the defendant], who is severely physically incapacitated and getting worse by the day, 'is an unreasonable risk of danger to public safety.' " (*Ibid.*) No similar physical incapacitation or terminal

10

illness is present here. Further, the superior court made its finding not based on a generalized concern about criminal activity but rather on Barrios's prior instances of violent criminal conduct. Based on that violent criminal history, the court did not abuse its discretion in finding that Barrios posed an unreasonable risk of danger to public safety even though he had not been previously convicted of a super strike offense. (See *People v. Jefferson* (2016) 1 Cal.App.5th 235, 245 [superior court reasonably determined defendant was likely to commit a super strike if released despite robbery being his most serious offense].)

We reject Barrios's argument that the superior court's weighing of the evidence was arbitrary because it did not consider the evidence of his rehabilitative progress.[5] "The . . . weighing of evidence showing dangerousness versus evidence showing rehabilitation[] lie[s] within the [trial] court's discretion." (*People v. Buford*, *supra*, 4 Cal.App.5th at p. 899.) Notably, unlike the current iteration of section 1172.1, which mandates that the court consider the defendant's postconviction history, under the version of the statute in effect at Barrios's sentencing, the court was not required to consider postconviction factors at all in determining whether to recall Barrios's sentence. (See § 1172.1, former subd. (a)(4) ["the court *may* consider

---

[5] As part of this challenge, Barrios also contends the superior court improperly used his recent denial of parole as a basis to determine he was likely to commit a super strike offense. The record does not show as much. After finding Barrios was still an unreasonable risk of danger to public safety based on his history of violent crimes, the court noted "the Parole Board apparently agrees as well that he is not suitable at this time for release." Thus, the court was noting its finding aligned with the parole board's ruling, not using that ruling to make its finding.

postconviction factors," italics added]; cf. § 1172.1, subd. (a)(5) ["the court *shall* consider postconviction factors," italics added].) The court could not abuse its discretion by failing to consider factors that it was not required to take into account. Moreover, Barrios essentially asks us to reweigh the evidence of dangerousness, which is something we may not do. (See *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1250 ["under an abuse of discretion standard . . . '[w]e do not reweigh the evidence or substitute our notions of fairness for the trial court's' "].) That a different superior court, or this court, may have determined the evidence of rehabilitation outweighed the evidence of dangerousness is not the standard. (See *People v. Erickson* (2018) 30 Cal.App.5th 243, 246 ["The trial court may have decided this case differently. But the court did not abuse its discretion in deciding as it did."].)

## DISPOSITION

The order rejecting the district attorney's recall and resentencing recommendation is affirmed.


STONE, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

12