Filed 3/16/26  P. v. Elder CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AKAIJA MSHEABEVERLI ELDER,<br><br>    Defendant and Appellant. | 2d Crim. No. B341112<br>(Super. Ct. No. 23F-07980-B)<br>(San Luis Obispo County) |

Akaija Msheabeverli Elder appeals the trial court's restitution order following her conviction for grand theft.  (Pen. Code,[1] § 487, subd. (a).)  She contends the trial court erred when it awarded the victim the full retail price of sunglasses stolen from the victim's store but returned by police soon after.  We agree prosecutors failed to make a prima facie showing that retail

---

[1] All statutory references are to the Penal Code.

price was the appropriate measure of restitution under section 1202.4, subdivision (f)(3)(A), which defines the value of stolen or damaged property as "the replacement cost of like property, or the actual costs of repairing the property when repair is possible." We will reverse the order and remand for a new restitution determination hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Elder and Maiya Green stole 95 pairs of luxury brand sunglasses from a Sunglasses Hut store in Sun Luis Obispo. Police arrested them within hours and returned the sunglasses to the store. Elder pled no contest to grand theft and received a 16-month sentence in April of 2024. Green pled no contest to grand theft and was granted probation. The trial court found them jointly and severally liable for victim restitution and set determination hearings for each.

Green later stipulated to pay the full amount of restitution sought — $38,423. Elder did not stipulate to the amount sought and proceeded to a determination hearing in September of 2024. The store manager of Sunglasses Hut testified that most of the sunglasses were scratched or bent. She inventoried them and calculated the total retail value as $38,243. She then sent all 95 pairs of glasses "back to corporate," citing the company's policy forbidding the sale of items with "even the smallest imperfection."

On cross-examination, the store manager testified that she did not know how much it would cost Sunglasses Hut to purchase or replace the sunglasses. She also did not know how the company calculated its markup or how much it profited from its sales. When defense counsel asked how long it would take the

2

store to sell 95 pairs of sunglasses, the trial court sustained the prosecutor's relevance objection and excused the witness.

The prosecutor requested the trial court order restitution based on the retail value of the sunglasses — $38,243. Defense counsel argued this would result in a windfall to Sunglass Hut and proposed replacement value as the appropriate measure of loss. The court awarded the full amount sought plus annual interest of 10 percent from the date of sentencing.

## DISCUSSION

Elder contends the prosecutor failed to prove retail value was the appropriate measure of restitution under section 1202.4. We agree.

### *Restitution Amount*

Section 1202.4, subdivision (f) states in part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, . . . [f]ull or partial payment for the value of stolen or damaged property." (*Id.* at subd. (f)(3)-(3)(A).) "The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (*Ibid.*) A victim may also seek lost profits. (*Id.* at subd. (f)(3)(D).)

A prima facie case for restitution can be made based on a victim's testimony or other claim or statement of the amount of

economic loss.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) Once a prima facie showing of loss has been made, the burden shifts to defendant to demonstrate that the amount of the loss is other than that claimed by the victim.  We review restitution orders for abuse of discretion.  (*Ibid*; see also *People v. Hume* (2011) 196 Cal.App.4th 990, 995.)  " '[W]here the specific issue is whether the court's factual findings support restitution, we review those findings for substantial evidence.' "  (*People v. Trout-Lacy* (2019) 43 Cal.App.5th 369, 373.)

Elder contends prosecutors failed to prove retail value was the appropriate measure of restitution under section 1202.4.  We agree.

Ordering a defendant to pay retail value is justified when a retailer shows it lost the opportunity to sell the stolen goods to customers at that price — in other words, that it lost profits because of the thefts.  (See *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1178 [retail value of recovered stolen property was not an appropriate measure of restitution when the "prosecutor presented no evidence that [the victim retailer] lost any profits as a result of the theft"].)  Sunglasses Hut did not seek lost profits on its restitution request form or introduce evidence at the hearing supporting such a claim.  The trial court, in fact, ordered defense counsel to refrain from examining the store manager about the store's sales volume after the prosecutor objected on relevancy grounds.

The restitution award was therefore limited to the "replacement cost of like property."  (§ 1202.4, subd. (f)(3)(A).) Retail value might be an accurate measure of damages if Elder stole sunglasses from a customer who bought them at the store.

4

She did not. She stole them from a retailer.[2] The store manager assumed the company earned a profit on its sales but testified she "had never been shared" information about how it calculated its markup. She did not know the cost of replacing and restocking the stolen items. The store manager testified "most" were damaged but did not know precisely how many, leaving the inference at least some were *not* damaged in the ordeal. She stated corporate policy prohibited the store from selling damaged stock, but she did not explain why the undamaged ones were not simply returned to the shelves, or how "corporate" disposed of the ones she sent back. This evidence was not sufficient to establish retail value as the "replacement cost" of the stolen property.

We conclude using retail value as the sole basis to calculate restitution, based on this record, resulted in a windfall to the victim retailer. (See *Chappelone, supra,* 183 Cal.App.4th at p. 1172 ["A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall"].) We distinguish this case from those in which the returned property has little or no value to the victim. (See e.g.,

_____

[2] Elder's request for judicial notice filed on July 31, 2025, includes pages from the website of Sunglasses Hut International's parent company, EssilorLuxottica. She offers these materials "to describe the size and structure of the company based on the company's own public representations." "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally, 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.'" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3, quoting *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) We deny the request.

*People v. Erickson* (2018) 30 Cal.App.5th 243, 246-247 [victim entitled to replacement value of copper wire stolen from water well system; defendant's cutting of the wire during theft rendered it unusable for that purpose].)

The People argue that the burden shifted to Elder to prove replacement cost was lower than retail price. (*People v. Kelly* (2020) 59 Cal.App.5th 1172, 1183 [upon victim's prima facie showing of loss, "the burden shifts to the defendant to show the loss is less than the figure the crime victim presented"].) We are not persuaded. The People failed to present a facially credible claim for the restitution amount sought. Defense counsel's cross-examination of the store's manager and subsequent argument to the trial court highlighted the evidentiary gaps discussed above. (See *People v. Valle* (2023) 93 Cal.App.5th 1329, 1333 [awarding purchase price of stolen cell phone that was returned to victim was error when defendant elicited testimony the victim hoped to use or sell the phone].)

*Prejudgment Interest Award*

Elder contends the trial court erred when it ordered her to pay interest on the restitution award from the date of sentencing. She notes prosecutors did not list prejudgment interest on the restitution request form or request it during the determination hearing. The court imposed interest in its written order, but not in its oral ruling from the bench. Elder argues this deprived her of the opportunity to be heard on the issue. We disagree.

The awarding of prejudgment interest is contingent on the trial court finding that the victim incurred some *other* ascertainable economic loss. The statute allows the court to fix the accrual date at "the date of sentencing or loss" but leaves nothing else to discretion. The award is mandatory. (See e.g.,

6

*People v. Wickham* (2013) 222 Cal.App.4th 232, 238 ["The [restitution] order *must* fully reimburse the victim for every economic loss caused by the defendant's criminal conduct, including 10 percent interest as of the date of the loss"].) The statute placed Elder on notice that the court would award prejudgment interest once it determined the value of the stolen and damaged property sought by Sunglasses Hut. The court shall award prejudgment interest if restitution is awarded on remand.

### Trial Court's Jurisdiction on Remand

Elder's counsel states that her client has presumably completed her 16-month jail sentence.[3] As such, counsel contends that the trial court will lack jurisdiction on remand "to consider any new claims for losses by the victim that could have been previously presented and determined, including a claim for lost profits or other losses attendant to the theft." She argues the court's retained jurisdiction under section 1202.4, subdivision (f) concluded when it ascertained Sunglasses Hut's losses at the original restitution hearing. Elder further argues that its companion statute, section 1202.46, confers ongoing jurisdiction only when the court finds the victim's losses are not initially ascertainable. (See *People v. McCune* (2024) 16 Cal.5th 980, 995 ["section 1202.46 provides 'additional authority' for the specific, limited purpose of filling in the amount of victim restitution already ordered under section [1202.4, subdivision (f)], once the victim's losses can be ascertained"].) Any restitution hearing on remand, it follows, will be limited to determining the replacement

---

[3] While we cannot confirm from the record if Elder completed her sentence, the People do not dispute the fact. We will assume she has for the purposes of our analysis.

value of the stolen sunglasses and other measures of Sunglasses Hut's property-based losses.

We decline to limit the trial court's authority on remand to order restitution "sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).)  Whether Sunglasses Hut may request new or additional restitution amounts is beyond the scope of this appeal.  Elder will have the right to dispute the amount of restitution sought at hearing, at which she can also "raise any concerns about unfair surprise as a result of protracted or unwarranted delays." (*McCune, supra,* 16 Cal.5th at p. 1001; § 1202.4, subd. (f)(1).)

DISPOSITION

The victim restitution order awarding $38,243 to Sunglasses Hut is reversed and remanded for a new determination hearing.

NOT TO BE PUBLISHED.

DEROIAN, J.[*]

We concur:

YEGAN, Acting P. J.                    BALTODANO, J.

---

[*] Judge of the Superior Court of Santa Barbara County, assigned by the Chief Justice pursuant to article 6, section 6 of the California Constitution.

8

Matthew G. Guererro, Judge

Superior Court County of San Luis Obispo

_____

Rita Himes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.